CROSS & SIMON, LLC
Kevin S. Mann, Esq. (N.J. Bar No. 0079002007)
Michael J. Joyce, Esq. (*admitted pro hac vice*)
1105 N. Market Street, Suite 901
Wilmington, DE  19801
(302) 777-4200
(302) 777-4224 (facsimile)
kmann@crosslaw.com
mjoyce@crosslaw.com
*Counsel to Hyundai Merchant Marine Co., Ltd.*
*and Hyundai Merchant Marine (America), Inc.*

| | |
|---|---|
| In re:<br><br>KHAWAR BAQI,<br><br>      Debtor. | Chapter 7<br><br>Case No. 16-15033-JKS |
| HYUNDAI MERCHANT MARINE CO., LTD. AND HYUNDAI MERCHANT MARINE (AMERICA), INC.,<br><br>      Plaintiffs,<br><br>v.<br><br>KHAWAR BAQI,<br><br>      Defendant. | Adversary No. 16- |

**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY**
**PURSUANT TO SECTION 523 OF THE BANKRUPTCY CODE**

Hyundai Merchant Marine Co., Ltd. ("HMM") and Hyundai Merchant Marine (America), Inc. ("HMMA")  (together, "Hyundai" or "Plaintiff"), by and through undersigned counsel, files this complaint (the "Complaint") seeking a determination as to the dischargeability of the debt owed by the above-captioned debtor (the "Debtor") to Plaintiff.  In support of this Complaint, Plaintiff, hereby alleges that:

## JURISDICTION AND VENUE

1. This is an adversary proceeding in which the plaintiff-creditor is seeking a determination as to the dischargeability of the debt owed by the Debtor to Plaintiff under Bankruptcy Code §§ 523(a)(2)(A), 523(a)(4), 523(a)(6).

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code § 523.

3. This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and 157(b)(2)(J).

## PARTIES

4. HMM is a business corporation organized under the laws of Korea, doing business as an ocean carrier in international trade. HMMA is a California corporation and wholly owned subsidiary of HMM.

5. Plaintiff's claim is the largest in the above-captioned case.

6. Defendant is the Debtor in the above-captioned case and resides at 118 Fairfield Drive, Paramus NJ.

7. Defendant is the owner/manager and sole member of Subur Companies, LLC.

## BACKGROUND

8. On March 18, 2016, (the "Petition Date") the Debtor filed a voluntary petition (the "Petition") for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey.

9. On April 18, 2016, the Debtor's meeting of creditors was held pursuant to Section 341(a) of the Bankruptcy Code.

10. As of the date of this Complaint the Debtor has not been granted a discharge.

11. This Complaint is timely because the date by which a complaint objecting to the Debtor's discharge or to determine dischargeability of a debt was extended by Order of this Court to and including August 16, 2016.

12. Prior to the Petition Date, the Debtor, as the sole member/manager of Subur Companies, LLC contracted with Hyundai for the shipment of seventy-three (73) ocean containers of rubber scrap/waste from New York to Dubai, UAE, as evidenced by 15 bills of lading that were issued by HMM to Subur Companies, LLC.

13. Upon delivery of such containers to Dubai, the Debtor represented to Hyundai that a consignee of his, identified on the bills of lading as Al Mehboob General Trading, would retrieve the containers. Hyundai completed such carriage but did not receive payment from the Debtor for the same.

14. The containers were not retrieved in Dubai by the consignee as represented by the Debtor and, because of this, Hyundai incurred significant demurrage, detention, storage and other charges.

15. Additionally, Hyundai incurred significant costs in disposing of the rubber scrap/waste.

16. The consignee identified by the Debtor as the recipient of the rubber scrap/waste (Al Mehboob General Trading) was a fictitious entity. Indeed, there is no entity named Al Mehboob General Trading located in the UAE at the address provided on the bill(s) of lading and the phone number listed on the bill(s) of lading was a non-working number.

17. As described above, the Debtor contracted with Plaintiff under false pretenses. Specifically, the Debtor fraudulently induced Plaintiff to transport the containers in furtherance of

a scheme to transport waste outside the United States to a fictitious consignee in order to avoid compliance with state and federal laws regarding the disposal of such waste, and to avoid payment for the transportation, retention, and disposal of such waste.

18.   On January 7, 2016 Hyundia commenced a lawsuit against the Debtor and Subur Companies in the Superior Court of New Jersey, Law Division, Bergen County, Civil Action No. L-207-16 (the "State Court Action").

19.  The State Court action was stayed upon the filing of the Debtor's chapter 7 petition by operation of 11 U.S.C. § 362(a).

20.   Schedule F of the Debtor's chapter 7 petition reflects he is seeking to discharge Hyundai's claim in the amount of $1,270,419.05.

**COUNT I -- NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER SECTION 523(a)(2)(A) OF THE BANKRUPTCY CODE**

21.   Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 20 of this Complaint as if set forth at length herein.

22.   Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt--

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by --

(A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

23.   All of the debt owed to Plaintiff, as reflected on schedule F of the Debtor's Petition, is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or

4

refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code § 523(a)(2)(A).

24. Specifically, the Debtor fraudulently induced Plaintiff to transport seventy-three (73) containers of rubber scrap outside the United States to a fictitious consignee in order to avoid compliance with state and federal laws regarding the disposal of such waste, and to avoid payment for the transportation, retention, and disposal of such waste.

25. The false representations of material facts set forth above constitute actual fraud by the Debtor who, with knowledge that he was engaged in a fraudulent scheme, and with knowledge of the falsity of the representations, contracted with Plaintiff.

26. Plaintiff reasonably relied on the false representations made by the Debtor described above, who incurred debt to the Plaintiff when he had no intention of repaying such debt.

27. As a result of the Debtor's conduct, Plaintiff has incurred significant damages in an amount no less than $1,270,419.05.

28. By virtue of the foregoing, the Debtor's discharge should be denied under Bankruptcy Code § 523(a)(2)(A).

**COUNT II -- NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER SECTION 523(a)(4) OF THE BANKRUPTCY CODE**

29. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 28 of this Complaint as if set forth at length herein.

30. Bankruptcy Code § 523(a)(4) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b)
> of this title does not discharge an individual debtor from any debt—
>
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . . .

31. The Debtor, as the sole member/manager of Subur Companies, LLC owed fiduciary duties to his creditors on account of Subur Companies' insolvency.

32. All of the debt owed to Plaintiff, as evidenced by the Judgment, is non-dischargeable as it is a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny within the meaning of Bankruptcy Code § 523(a)(6).

33. Specifically, while Subur Companies, LLC was insolvent, the Debtor fraudulently induced Plaintiff to transport seventy-three (73) containers of rubber scrap outside the United States to a fictitious consignee in order to avoid compliance with state and federal laws regarding the disposal of such waste, and to avoid payment for the transportation, retention, and disposal of such waste.

34. By virtue of the foregoing, the Debtor's discharge should be denied under Bankruptcy Code § 523(a)(4).

**COUNT III -- NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER SECTION 523(a)(6) OF THE BANKRUPTCY CODE**

35. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 34 of this Complaint as if set forth at length herein.

36. Bankruptcy Code § 523(a)(6) provides, in relevant part, that:

> (b) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . .
>
> (6) or willful and malicious injury by the debtor to another entity or to the property of another entity . . . .

37. All of the debt owed to Plaintiff is non-dischargeable as it is a debt for willful and malicious injury caused by the Debtor within the meaning of Bankruptcy Code § 523(a)(6).

6

38. Specifically, the Debtor caused willful and malicious injury to Plaintiff by virtue of fraudulently inducing Plaintiff to transport seventy-three (73) containers of rubber scrap outside the United States to a fictitious consignee in order to avoid compliance with state and federal laws regarding the disposal of such waste, and to avoid payment for the transportation, retention, and disposal of such waste.

39. By virtue of the foregoing, the Debtor's discharge should be denied under Bankruptcy Code § 523(a)(6).

WHEREFORE, plaintiff respectfully requests that this Court enter a Judgment determining that the debt reflected in the Judgment entered in favor of Plaintiff, is non-dischargeable under Bankruptcy Code § § 523(a)(2)(A), 523(a)(4), and 523(a)6) and granting plaintiff such other and further relief as this Court may deem just and proper.

Dated: August 9, 2016                                CROSS & SIMON, LLC


*/s/ Kevin S. Mann*
Kevin S. Mann (NJ bar No. 0079002007)
Michael J. Joyce, Esq.  (*admitted pro hac vice*)
1105 Market Street, Suite 901
Wilmington, Delaware 19801
(302) 777-4200
(302) 777-4224 (facsimile)
E-mail: kmann@crosslaw.com
             mjoyce@crosslaw.com

*Counsel for Hyundai Merchant Marine Co., Ltd.
and Hyundai Merchant Marine (America), Inc.*